UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ESTATE OF TERRY WILLIAMS,
*by Special Administrator Cuc Huynh,*
L.W., *a minor; by her mother, Laqesha Green,*
and CUC HUYNH,

                                        Case No. 18-cv-1222-pp

        Plaintiffs,

  v.

MICHAEL T. TRUAX,
*Deputy for the Milwaukee County Sheriff's Department,*
and JOHN DOE #1 *and other unnamed members of
the Milwaukee County Sheriff's Department,*

        Defendants.

---

**ORDER DISMISSING CASE AS TO PLAINTIFFS ESTATE OF TERRY WILLIAMS AND L.W. AND REQUIRING PLAINTIFF HUYNH TO ADVISE THE COURT WHETHER SHE WISHES TO CONTINUE WITH THIS FEDERAL LAWSUIT**

---

      On August 9, 2018, the plaintiffs filed this suit under 42 U.S.C. §1983, alleging wrongful death by shooting of decedent Terry Williams. Dkt. No. 1. The plaintiffs are the estate of Terry Williams, his daughter L.W. (a minor) and Cuc Huynh, Mr. Williams' mother and the special administrator of his probate estate. Id. at page 2. At the time, the plaintiffs were represented by Attorney Walter Stern. Id. at p. 17. The defendants answered (dkt. no. 16) and filed a motion for judgment on the pleadings (dkt. no. 17). The plaintiffs then amended the complaint, reducing the number of defendants, dkt. no. 20, and the sole named defendant (Michael Truax) answered, dkt. no. 21. The parties

1

filed their Rule 26(f) report, dkt. no. 23, and the court issued a scheduling order, requiring them to complete discovery by April 17, 2020, dkt. no. 24.

On October 24, 2019, however, Attorney Stern filed a motion asking to withdraw as counsel. Dkt. No. 29. He asserted that the parties had had a "difference of opinion" about the case and that the plaintiffs were seeking a different lawyer. Id. The court scheduled a hearing on the motion, but Attorney Stern did not appear. Dkt. No. 32. The person who *did* appear was plaintiff Cuc Huynh, Mr. Williams' mother and the special administrator of his estate in probate. Id. at 1. The court explained to Ms. Huynh that although she could represent herself in this federal lawsuit, she could not represent her son's estate or his minor daughter. Id. Ms. Huynh explained that she had been talking to lawyers, trying to find a new one, and said that she had been told that if she did not have another lawyer by her July 21, 2020 court date, her case would be dismissed. Id. Because there was no hearing scheduled in *federal* court for July 21, 2020, the court checked the state docket, and learned that there was an adjourned hearing on an order to show case scheduled for July 21, 2020 in the state probate case before Deputy Register in Probate Jeaneen Mardak. Id.; In re Estate of Terry Williams, 2018PR000376 (Milwaukee County Circuit Court), available at https://wcca.wicourts.gov.

Because plaintiff Huynh seemed a bit confused as to the nature of this case, the court explained that this was a federal civil rights case—different from the state probate case. Id. at 2. The court reiterated that under federal law, estates and minors had to be represented by lawyers; they could not be

represented by family members. Id. The court gave plaintiff Huynh a deadline of July 21, 2020—the same deadline given her in the probate case—to find counsel. The court ordered that if an attorney had not filed a notice of appearance in the federal case by the end of the day on July 21, 2020, the court would dismiss the case without prejudice for lack of prosecution. Id.

Nothing has happened in the almost three-and-a-half months since then. No attorney has filed a notice of appearance for any of the plaintiffs. The court checked the probate docket—on July 14, 2020, the probate court adjourned the show cause hearing to September 15, 2020. The fact remains, however, that in federal court, a minor must be represented in court by a lawyer. See 28 U.S.C. §1654 (in "all courts of the United States the parties may plead and conduct their own cases personally or by counsel"); Elustra v. Mineo, 595 F.3d 699, 704 (7th Cir. 2010) ("Normally, representative parties such as next friends, may not conduct litigation *pro se*; pleadings may be brought before the court only by parties or their attorneys.") The general rule is that a non-attorney may not argue or appear on behalf of a child. Id. at 705. Similarly, an administrator may not represent an estate unless he or she is the sole beneficiary of that estate. Malone v. Nielson, 474 F.3d 934, 937 (7th Cir. 2007).

Civil Local Rule 41(c) says that "[w]henever it appears to the Court that the plaintiff is not diligently prosecuting the action and Civil L.R. 41(a) or (b) does not apply, the Court may enter an order of dismissal with or without prejudice." The court understands that back in April, plaintiff Huynh explained that she had been trying to find a lawyer. Perhaps she has been trying since.

3

But it has been nine months since Attorney Stern indicated that he wished to withdraw and that the plaintiffs were seeking other counsel. Even with the chaos and disruption caused by the COVID-19 pandemic, nine months is a long time for someone to try to find a lawyer. The court must dismiss the Estate and the minor plaintiff because, in that nine months, they have not obtained counsel.

The court erroneously stated that if those two plaintiffs did not obtain counsel by the end of the day on July 21, 2020, the court would dismiss *the case*. But there is still one individual plaintiff, Cuc Huynh. She can, if she chooses to do so, represent herself. But if plaintiff Huynh chooses to continue the case and represent herself, she must follow the rules of the court and comply with all deadlines.

In its March 13, 2019 scheduling order, the court had ordered the parties to complete discovery by April 17, 2020 and to file dispositive motions by May 18, 2020. Dkt. No. 24. Defense counsel explained at the April 8, 2020 hearing that while the parties had conducted some discovery, everything had been put on hold when Attorney Stern had filed his motion to withdraw. The court suspended all deadlines at that time. Dkt. No. 32 at 2.

The court will give plaintiff Huynh a deadline by which to advise the court whether she wishes to continue with this federal lawsuit. If the court does not receive a response from Ms. Huynh, confirming that she wants to continue with the lawsuit, by the deadline the court sets below, the court will

4

dismiss the entire case under Civil L.R. 41(c) for failure to diligently prosecute it.

The court **ORDERS** that plaintiffs Estate of Terry Williams and L.W. are **DISMISSED WITHOUT PREJUDICE** from the lawsuit.

The court **ORDERS** that plaintiff Cuc Huynh must notify the court, in writing, in time for the court to *receive* it by the end of the day on **August 14, 2020**, whether she wishes to continue with this federal lawsuit. If the court does not receive written notice from plaintiff Huynh by the end of the day on August 14, 2020, the court will dismiss the case in its entirety.

Dated in Milwaukee, Wisconsin this 22nd day of July, 2020.

                                          **BY THE COURT:**

                                          **HON. PAMELA PEPPER**
                                          **Chief United States District Judge**