UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF WISCONSIN

CUC HUYNH,

    Plaintiff,

v.                                                      Case No.: 18-CV-1222

MICHAEL TRUAX, Deputy for the Milwaukee
Sheriff's Department, JOHN DOE #1 and
other unnamed members of the Milwaukee
County Sheriff's Dept.,

    Defendants.

## DEFENDANT MICHAEL TRUAX'S COMBINED BRIEF IN SUPPORT OF HIS MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME

Defendant, Michael Truax, by and through his attorneys, Crivello Carlson, S.C., respectfully submits this Combined Brief in Support of his Motion to Dismiss for Failure to Prosecute and in Opposition to Plaintiff's Motion to Extend Time, (ECF No. 55.)

### BACKGROUND

This lawsuit was filed more than three years ago, on August 8, 2018. (Compl., ECF No. 1.) Plaintiffs, the Estate of Terry Williams by Special Administrator Cuc Huynh, Ms. Huynh in her individual capacity, and L.W., a minor, amended their Complaint on December 20, 2018. (Am. Compl., ECF No. 20.)

This case generally relates to Milwaukee County Sheriff's Deputy Michael Truax's use of deadly force against Terry Williams on June 11, 2017. (*Id.* ¶¶ 6–26.)

On March 19, 2019, the Court entered its Scheduling Order based on the parties' submitted joint Rule 26(f) plan. (Sched. Order, ECF No. 24.) That order set several deadlines for the litigation, including a deadline for Plaintiffs to name expert witnesses approximately two years ago, on December 16, 2019. (*Id.* at 3.) Discovery was to be completed by April 17, 2020, and dispositive motions were due no later than May 18, 2020. (*Id.*)

Plaintiffs served Defendant with written discovery in January 2019, and Defendant provided responses and supplemental responses to that written discovery in April 2019. (Decl. of Benjamin A. Sparks, Dec. 6, 2021, ¶ 2.) The written discovery served on Defendant in January 2019 is the only written discovery Plaintiffs have served in this case, and Plaintiffs have not notified Defendant of any deficiencies in Defendant's discovery responses. (*Id.* ¶ 3.) In late-June 2019 and July 2019, Plaintiffs and Defendant worked together to select a date for Defendant's deposition. (*Id.* ¶ 4.) On August 9, 2019, Plaintiffs noticed Defendant's deposition for September 17, 2019. (*Id.* ¶ 5.)

On September 10, 2019, Plaintiffs' counsel sent a letter to defense counsel advising that he was cancelling Defendant's deposition and planned "on making a motion of voluntary dismissal to the Court." (*Id.* ¶ 6, Ex. A.) Plaintiffs' counsel further advised that it was his "belie[f] that prosecution of Officer Truax would be unsuccessful and, as such, it would be fruitless to continue with the lawsuit." (*Id.*)

2

On October 24, 2019, Plaintiffs' counsel filed a Motion to Withdraw. (ECF Nos. 28–29.) In a text-only order, the Court set a hearing on the motion for April 8, 2020. (ECF No. 30.) Plaintiffs' counsel did not appear at the April 8, 2020 hearing. (Court Minutes and Order at 1, ECF No. 32.) In granting the Motion to Withdraw, the Court correctly acknowledged that the minor-Plaintiff, L.W., and the estate-Plaintiff, the Estate of Terry Williams, could not proceed in the lawsuit without counsel. (*Id.*) The Court ordered that, if new counsel did not appear in the case by July 21, 2020, then the case would be dismissed. (*Id.* at 2.) Further, the Court suspended all remaining deadlines under the scheduling order. (*Id.*)

On July 22, 2020, the Court issued an Order Dismissing Case as to Plaintiffs Estate of Terry Williams and L.W. and Requiring Plaintiff Huynh to Advise the Court Whether she Wishes to Continue with This Federal Lawsuit. (ECF No. 33.) In the Order, the Court noted that no attorney representing Plaintiffs had appeared in the case by July 22, 2020. (*Id.* at 3.) The Court dismissed Plaintiffs Estate of Terry Williams and L.W. from the case without prejudice, leaving Cuc Huynh as the sole Plaintiff. (*Id.* at 5.) Plaintiff Huynh was given until August 14, 2020, to advise the Court as to whether she wished to proceed with her lawsuit, or face dismissal of the case in its entirety. (*Id.*)

On August 4, 2020, Plaintiff Huynh filed a letter with the Court advising that she wished to continue her lawsuit. (ECF No. 34.) The Court then set a status conference for August 13, 2020. (ECF No. 35.) At the status conference, Plaintiff informed the Court that she had retained counsel, Paul Strouse, who continues to

3

represent Plaintiff today. (Court Minutes and Order at 1, ECF No. 37.) The Court ordered that Plaintiff's counsel was to file an appearance by August 28, 2020, or face potential dismissal motions by Defendant. (*Id.* at 1–2.)

On August 27, 2020, Plaintiff's counsel filed an appearance. (ECF No. 38.) On October 15, 2020, defense counsel e-mailed Plaintiff's counsel to inquire about what file materials and prior filings new counsel would need, and to gauge counsel's expectations for timelines for the remainder of the litigation. (Sparks Decl. ¶ 7, Ex. B.) Defense counsel did not receive a response to this e-mail. (*Id.* ¶ 8.) On October 27, 2020, Plaintiff filed a Motion to Amend Scheduling Order, which Defendant did not oppose. (ECF Nos. 39–40.) On December 21, 2020, the Court ordered the parties to meet and confer about a new schedule for the case, and for Plaintiff to file a proposed amended scheduling order by January 11, 2021. (ECF No. 41.)

Counsel met and conferred about a new scheduling order in early January, and Defendant provided Plaintiff with a flash-drive containing all previously produced discovery in the case on January 8, 2021. (Sparks Decl. ¶ 9.) On January 11, 2021, the parties submitted a proposed new schedule, which the Court adopted on January 12, 2021. (ECF Nos. 42–43.) On January 12, 2021, the Court issued an Amended Scheduling Order with the following deadlines:

- Plaintiff's expert disclosures due by April 12, 2021
- Defendant's expert disclosures due by July 12, 2021
- Discovery cutoff and dispositive motions due on September 15, 2021

(ECF No. 43.)

On January 16, 2021, Plaintiff's counsel e-mailed defense counsel to schedule Defendant's deposition for some time in March 2021. (Sparks Decl. ¶ 10.) On January 19, 2021, defense counsel e-mailed Plaintiff's counsel, providing eight potential dates for Defendant's deposition in March 2021. (Sparks Decl. ¶ 11.) Defense counsel never received a response from Plaintiff's counsel regarding the proposed deposition dates for Defendant. (Sparks Decl. ¶ 12.) To date, Plaintiff has not deposed Defendant or any other witness in this case. (Sparks Decl. ¶ 13.)

On April 12, 2021, Plaintiff's counsel filed a Motion to Withdraw as Counsel. (ECF No. 44.) On April 13, 2021, the Court set a status conference for May 4, 2021 in order to address Plaintiff's latest motion. (ECF No. 45.) The Court further stayed discovery and pretrial deadlines. (*Id.*) On the morning of May 4, 2021, "someone from the office of the plaintiff's counsel called the court to indicate that plaintiff's counsel had a conflict." (Text Only Order, ECF No. 47.) The Court rescheduled the status conference for May 18, 2021. (Sparks Decl. ¶ 14, Ex. C.)

At the May 18, 2021 status conference, "[c]ounsel for the plaintiff explained that once he had received the voluminous discovery, he had realized that the case was more complicated than he had thought it would be when he accepted the representation." (Court Minutes and Order at 1, ECF No. 50.) After some discussion, the Court ordered as follows:

> [The Court] would give the plaintiff and her current counsel a deadline of July 23, 2021 by which to find a successor counsel. If the plaintiff and current counsel are able to find a new attorney (one that has experience in civil rights cases), the court will approve the stipulation allowing current counsel to withdraw. If the plaintiff and

5

> her counsel are unable to find a new attorney, the court will not approve the stipulation, extend the deadlines and require current counsel to continue as the plaintiff's attorney.

(*Id.* at 2.) The Court further stayed all other deadlines "until the question of who will represent the plaintiff is resolved." (*Id.*) No appearances by new counsel were filed by July 23, 2021. *See* (Court Minutes and Order at 1, ECF No. 52.)

The Court held another status conference on July 29, 2021. (Court Minutes and Order, ECF No. 52.) At the status conference, Plaintiff's counsel indicated that, although he was not able to find successor counsel, he would remain on the case. (*Id. at* 1.) The Court ordered the parties to meet and confer on a new schedule for the case and to submit an amended Rule 26(f) plan by August 13, 2021. (*Id.* at 1–2.)

On August 12, 2021, the parties submitted a proposed amended Rule 26(f) plan, which the Court adopted on August 13, 2021. (ECF Nos. 53–54.) The Court set the following deadlines in its latest (and current) scheduling order:

- Plaintiff's expert disclosures due by November 15, 2021
- Defendant's expert disclosures due by February 15, 2022
- Discovery cutoff on April 8, 2022
- Dispositive motions due by April 15, 2022

(Scheduling Order at 2–3, ECF No. 54.)

On November 15, 2021, the deadline for Plaintiff to name experts, Plaintiff filed a Motion to Extend Time to Name Experts and Disclose Expert Reports. (ECF No. 55.) Plaintiff's counsel did not meet and confer with defense counsel prior to filing the present motion. (Sparks Decl. ¶ 15.)

6

ARGUMENT

I. THE COURT SHOULD DISMISS THIS ACTION IN ITS ENTIRETY FOR FAILURE TO PROSECUTE.

This Court has the "inherent power" to clear its docket of "cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). The power is shown in Rule 41(b) of the Federal Rules of Civil Procedure, stating that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

Dismissing a case for failure to prosecute is considered "an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *See Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000) (internal quotations omitted). While a plaintiff should be afforded a warning of the potential for dismissal, that warning need not always come from a judge—this Motion hereby puts Plaintiff on notice and provides her the opportunity to respond. *See Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 666 (7th Cir. 2006).

Here, the record outlined above shows that Plaintiff has failed to prosecute this case. From the point of view of Defendant, this case has fallen into an unfortunate, repeated procedural cycle: the parties meet and confer on deadlines for the litigation; the Court accepts and orders those deadlines; Plaintiff's communication with Defendant fades to silent; and, without first conferring with Defendant, Plaintiff files a motion either seeking counsel's withdrawal from the

7

case or extensions of deadlines. While Defendant is sensitive to the facts that Plaintiff has been represented by two attorneys in a case dealing with serious allegations, Defendant has a meaningful interest in seeing this case through.

Defendant has denied the allegations in this case, *see* (Answer, ECF No. 21), and the record does not show any sign that Plaintiff genuinely intends to meet her burden at trial. Indeed, since the sole Plaintiff in this case is not Terry Williams' estate, Defendant questions whether Plaintiff even maintains a cognizable cause of action suitable for federal court. *See* (Compl. ¶¶ 27–33, ECF No. 20); (Court Minutes and Order at 2, ECF No. 32); *Alderman v. United States*, 394 U.S. 165, 174, (1969) ("Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted."); *Russ v. Watts*, 414 F.3d 783, 783–84 (7th Cir. 2005) (holding that 42 U.S.C. § 1983 does not create a cause of action for loss of society for parents whose adult children are killed by the police). The only entity with a potential claim under the Fourth Amendment, the Estate of Terry Williams, has not been a party to this action for more than one year and four months. *See* (ECF No. 33.) There are no signs that Plaintiff will even attempt to make the estate a party-Plaintiff again—something that would require additional motion work—and Plaintiff's lack of diligence in this area raises serious questions about her intent to prosecute this matter.

Moreover, Plaintiff's conduct in discovery provides additional evidence that she is not seriously pursuing this matter. Plaintiff has not served any written discovery on Defendant since January 2019, and Plaintiff has not identified any

8

Case 2:18-cv-01222-PP   Filed 12/06/21   Page 8 of 12   Document 57

deficiencies in Defendant's responses. (Sparks Decl. ¶¶ 2–3.) Plaintiff has not deposed any witness, including Defendant, and nothing in the record shows that Plaintiff even intends to take any depositions. *See* (*id.* ¶ 13); (Strouse Decl. ¶¶ 1–13, ECF No. 55-1.) Plaintiff simply lets correspondence from Defendant go unanswered, *see, e.g.*, (Sparks Decl. ¶¶ 8, 12), and then files motions like the present motion without meeting and conferring with Defendant beforehand, (*id.* ¶ 15.) Notwithstanding the inefficiency in litigating the case in this manner, Plaintiff's conduct in discovery lacks any and all indications that Plaintiff genuinely intends to take this case to trial.

Thus, a full reading of the record spanning more than three years in this case shows that Plaintiff has not taken meaningful steps in litigating this case since 2019. While Defendant is sympathetic to the challenges facing Plaintiff and Plaintiff's counsel, the totality of the record shows that this case is unlikely to progress. Accordingly, in light of Plaintiff's documented failure to prosecute this case, Defendant respectfully requests that the Court dismiss this action on its merits, and with prejudice.

## II. ALTERNATIVELY, THE COURT SHOULD DENY PLAINTIFF'S MOTION TO EXTEND TIME.

If the Court denies Defendant's Motion to Dismiss for Failure to Prosecute, then Defendant respectfully requests that the Court alternatively deny Plaintiff's Motion to Extend Time. As explained below, at the very least, Plaintiff cannot establish good cause to extend the Court's scheduling order again.
9

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent." The "good cause" standard "'primarily considers the diligence of the party seeking the amendment,' *Trustmark Ins. Co. v. Gen. & Cologne Life Re of* Am., 424 F.3d 542, 553 (7th Cir.2005), and requires parties to 'show that despite their diligence the time table could not have reasonably been met.' *Tschantz v. McCann,* 160 F.R.D. 568, 571 (N.D. Ind. 1995)." *Nationwide Agribusiness Ins. Co. v. Meller Poultry Equipment, Inc.*, No. 12-C-1227, 2014 WL 2765659, at *1 (E.D. Wis. June 18, 2014). "Diligence is determined by considering whether the party seeking amendment has delayed filing its motion to amend and, if so, whether it had good reason for the delay." *Ultratec, Inc. v. Sorenson Communications, Inc.*, 13-cv-346-bbc, 2014 WL 12908960, at *1 (W.D. Wis. Jan. 31, 2014).

Here, the same record establishing Plaintiff's failure to prosecute also illustrates her lack of diligence in pursuing this matter. Notwithstanding the understandable hardships endured by Plaintiff's counsel, *see generally* (Strouse Decl., ECF No. 55-1), the procedural history of this case shows a clear lack of diligence on the part of Plaintiff in pursuing this case against Defendant. Current counsel for Plaintiff had in his possession all discovery materials in the case for more than 11 months before the deadline for Plaintiff to name experts. (Sparks Decl. ¶ 9); (Scheduling Order at 2–3, ECF No. 54.) Because Plaintiff has not taken the depositions of any witness, including Defendant, it is not clear why more time would impact Plaintiff's ability to disclose experts and reports; Plaintiff's experts

10

have the same discovery available to them today that was available to them in January 2021. *See* (Sparks Decl. ¶¶ 10–13.) While Plaintiff's counsel cites financial hardships as the reason for the delay in naming experts, (Strouse Decl. ¶¶ 6–12, ECF No. 55-1), Plaintiff has not provided the Court with any legal authority showing that such explanation constitutes good cause under these circumstances.

Further, as outlined above, the record is replete with evidence of Plaintiff's lack in diligence: unanswered correspondence, no new discovery since 2019, multiple motions for extensions without conferring with defense counsel, and multiple hearings where the Court has admirably provided Plaintiff with multiple chances. As the Court has recognized at the multiple status conferences in this case, Plaintiff continues to seek modified scheduling orders without any meaningful developments in discovery or the pleadings. This is not a case where there is a question as to whether Plaintiff's conduct could be construed as diligence; it is a case where there is simply no conduct to evaluate, as Plaintiff has allowed her case to go stagnant.

Thus, because the record shows, at the very least, a complete lack of diligence on the part of Plaintiff in pursuing this case, Plaintiff cannot establish good cause to extend the deadline to name expert witnesses. Accordingly, the Court should deny Plaintiff's Motion and order that the Court's current deadlines remain.

## CONCLUSION

Based on the foregoing, Defendant, Michael Truax, respectfully requests that the Court grant his Motion to Dismiss for failure to prosecute and dismiss this case in its entirety, on its merits, and with prejudice, awarding such other costs, fees, and disbursements that the Court deems just. Alternatively, should the Court deny Defendant's Motion, Defendant respectfully requests that the Court deny Plaintiff's Motion to Extend Time to Name Experts and Disclose Expert Reports, (ECF No. 55), and award such costs as are just under the Federal Rules of Civil Procedure.

Dated this 6th day of December 2021.

CRIVELLO CARLSON, S.C.
Attorneys for Defendant, Deputy Michael Truax

By: s/ Benjamin A. Sparks
SAMUEL C. HALL, JR. (SBN: 1045476)
BENJAMIN A. SPARKS (SBN: 1092405)

P.O. ADDRESS:
710 N. Plankinton Avenue #500
Milwaukee, WI 53203
Phone: 414-271-7722
Email: shall@crivellocarlson.com
bsparks@crivellocarlson.com