UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CUC HUYNH,

Plaintiff,

v.

Case No. 18-cv-1222-pp

MICHAEL T. TRUAX, Deputy for the Milwaukee Sheriff's Department, JOHN DOE #1 and other unnamed members of the Milwaukee County Sheriff's Department,

Defendants.

---

**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME TO DISCLOSE EXPERTS AND EXPERT REPORTS (DKT. NO. 55), DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE (DKT. NO. 56), GRANTING PLAINTIFF'S MOTIONS TO WITHDRAW AS ATTORNEY (DKT. NOS. 61, 63) AND SETTING DEADLINE BY WHICH PLAINTIFF EITHER MUST RETAIN COUNSEL OR RESPOND TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 64)**

---

Although the plaintiff filed this case almost four years ago, she has struggled with representation. After the defendants filed their November 27, 2018 answer to the original complaint (dkt. no. 16), the plaintiff, along with the estate of the plaintiff's deceased son and the minor daughter of the plaintiff's son—all represented at that time by Attorney Walter Stern—filed an amended complaint (dkt. no. 20). Defendant Truax answered (dkt. no. 21) and the court issued a scheduling order (dkt. no. 24). Some seven and a half months later, however, Attorney Stern moved to withdraw, citing a difference of opinion and

the plaintiff's desire to retain different counsel. Dkt. No. 29. Although the court scheduled a hearing on that motion, dkt. no. 30, Attorney Stern did not appear. At the April 8, 2020 hearing, the court explained to the plaintiff, who is not a lawyer, that she could not represent a minor or an estate. Dkt. No. 32. The court suspended deadlines to allow the plaintiff time to locate counsel. Id.

On July 22, 2020, the court dismissed the minor and the estate (because they were not represented by counsel) and instructed the plaintiff to notify the court by August 14, 2020 whether she wanted to continue pursuing the case. Dkt. No. 33. On August 13, 2020, the court conducted a status conference and told the plaintiff that counsel must file his or her notice of appearance by the end of the day on August 28, 2020. Dkt. No. 37. Attorney Paul Strouse filed a notice of appearance on August 27, 2020. Dkt. No. 38.

On October 27, 2020, Attorney Strouse filed a motion for extension of the deadlines in the scheduling order, dkt. no. 39; the court gave the parties a deadline of January 11, 2021 by which to confer and file a proposed amended scheduling order, dkt. no. 41. The parties agreed that plaintiff should name experts by April 12, 2021, and that the deadline for completing discovery and for filing dispositive motions would be September 15, 2021. Dkt. No. 43. On April 12, 2021—the deadline for naming experts—the court received from the plaintiff a stipulation between the plaintiff and Attorney Strouse, agreeing that Attorney Strouse should be allowed to withdraw. Dkt. No. 44.

The court set a hearing on the stipulation for May 4, 2021, but someone from Attorney Strouse's office called chambers the morning of the hearing to

say that he had a conflict. Dkt. No. 47. The court conducted the hearing on May 18, 2021. Dkt. No. 50. At that time, the court expressed concern that the plaintiff could not represent herself, noting plaintiff's confusion during a prior hearing. Id. at 1. Attorney Strouse explained that once he had received the discovery, he had realized the case was more complicated than he thought when he accepted the representations and that his caseload would not allow him the time necessary to handle the case. Id. Defense counsel pointed out that the parties had exchanged only the initial discovery and that neither party had conducted depositions. Id. The court agreed to give the plaintiff an opportunity to locate counsel who could represent her interests. Id. at 2. The court warned the plaintiff, however, that if she could not find a new attorney, the court would not approve the stipulation to withdraw, would extend the deadlines and require current counsel to continue. Id. At that point, all deadlines were stayed through July 23, 2021. Id.

The court held another status conference on July 29, 2021. Dkt. No. 52. Attorney Strouse indicated he had not located anyone else to take the case but reported that he had organized the file and conducted new research. Id. at 1. He agreed to stay on the case and withdrew the stipulation to withdraw. Id. The court approved the parties amended deadlines: the plaintiff must identify her experts by November 15, 2021; the defendant must identify his experts by February 15, 2022; the parties must complete discovery by April 8, 2022; and any party wishing to file dispositive motions must do so by April 15, 22. Dkt. No. 54.

On November 15, 2021—the deadline set for the plaintiff to disclose the identities of her experts—Attorney Strouse filed a motion for an extension of that deadline, citing personal hardships that had prevented him from hiring an expert for the plaintiff. Dkt. No. 55. The defendant opposed the motion and filed his own motion to dismiss for lack of prosecution under Federal Rule of Civil Procedure 41(b). Dkt. No. 56. The defendant acknowledged that a Rule 41(b) dismissal was a drastic remedy, but highlighted a disturbing a pattern: the parties conferred, the court accepted agreed deadlines, the plaintiff stopped communicating and then either moved to withdraw or sought another extension. Dkt. No. 57 at 7.

Attorney Strouse subsequently filed two motions to withdraw, dkt. nos. 61, 63, and the defendant moved for summary judgment on the ground that the plaintiff could not bring a claim on behalf of her adult son (who was killed), dkt. no. 64. The plaintiff has not responded to that motion, although it was filed on April 14, 2022.

The court will deny the extension of time to identify the plaintiff's experts, deny without prejudice the defendant's motion to dismiss for lack of diligence, grant Attorney Strouse's motions to withdraw and order that by the end of the day on July 29, 2022, the plaintiff either must retain a lawyer (and that lawyer must file a notice of appearance) or must respond to the motion for summary judgment. If the plaintiff does not either respond to the motion for summary judgment or have her new counsel file a notice of appearance by the

end of the day on July 29, 2022, the court will rule on the motion for summary judgment without input from the plaintiff.

## I. Plaintiff's Motion to Extend Time to Name Experts and Disclose Expert Reports (Dkt. No. 55); Defendant Michael Truax's Motion to Dismiss for Failure to Prosecute (Dkt. No. 56)

Attorney Strouse (writing in third person) explained that for most of 2020 and 2021, he did not have sufficient funds to pay for experts, which became detrimental to the plaintiff. Dkt. No. 55 at 1. According to Strouse, any expert would need to review dozens of videos, recordings, reports and data; Strouse anticipated that this would take approximately ninety days. Id. at 2. Strouse said that he had been financially drained by the medical and personal care he had provided to his mother in her final year and that he had developed significant health and vision problems during that time. Id. He explained that he was forced to move out of his office and that Covid-19 significantly reduced his income. Id. Citing Fed. R. Civ. P. 6(b), he asserted that he had shown good cause to extend the deadline and stated that he would be willing to grant a similar extension to the defendant. Id. at 4.

The defense simultaneously opposed the motion and moved to dismiss for lack of prosecution. Dkt. No. 57 (brief in support of Dkt. No. 56). As the defense pointed out, little had been accomplished in the years that have passed since the case was filed. The defendant did not believe that the plaintiff, as the parent, had a cause of action under §1983 for her adult child killed by the police. Id. at 8 (citing Russ v. Watts, 414 F.3d 783, 784 (7th Cir. 2005)). The defendant asserted that the plaintiff had served no discovery on the defense

since January 2019 and had not identified any deficiencies in the defendant's responses. Id. In three years, the plaintiff had not deposed witnesses, had not responded to correspondence from the defense and had not litigated the case in a serious manner. Id. at 9. The defense asked the court to dismiss, or at a minimum, deny the motion for another extension because the plaintiff did not have good cause, asserting that Attorney Strouse had had the discovery materials in his possession eleven months before the deadline. Id. at 10. The defendant asserted that the record was replete with unanswered correspondence, that there had been no new discovery since 2019, that the plaintiff had sought multiple extensions without conferring with defense counsel and that the plaintiff had been given multiple chances by the court. Id.

Attorney Strouse opposed the motion to dismiss on the ground that he timely filed the motion for an extension and established good cause (his personal responsibility of medical and personal care for his mother, his physical health, his move from his office, and the financial impact of Covid-19). Dkt. No. 59. He pointed out that the defendant's motion to dismiss was similar to the one filed in Buchanan v. City of Milwaukee, where the court declined to dismiss for lack of prosecution.[1] Id. at 2. Attorney Strouse claimed that he had

---

[1]The plaintiff never provided a cite, but the court assumes he is referring to a 2003 decision issued by Judge Adelman. In that case, Judge Adelman discussed the motion to dismiss based on the failure to prosecute in a footnote but disposed of the case on summary judgment. Buchanan v. City of Milwaukee, 290 F. Supp. 2d 954, 957, n.2 (E.D. Wis. 2003). Judge Adelman noted that the plaintiff's failure to name an expert, conduct discovery or sign medical authorizations did not constitute an extreme situation and that the defendant had not shown bath faith or prejudice from the delay. Id.

generally complied with discovery. Id. at 3. More important, he pointed out that he had not been "warned that his case could be dismissed for want of prosecution for bad faith delay." Id. at 4. The plaintiff also argued that he did not need an expert and that the case could proceed without one. Dkt. No. 59 at 7.

In the reply brief filed in support of the motion to dismiss, defense counsel asserted that the court does not need the "most egregious circumstances" to dismiss. Dkt. No. 60. The defendant maintained that Attorney Strouse had not disputed that prior counsel did not attend the hearing on the motion to withdraw or that Strouse had failed to attend a hearing after he was retained. Id. at 2. The defendant argued that Strouse did not dispute that he remained in the same discovery posture today as he was in 2019, and did not dispute that the plaintiff, as the decedent's mother, didn't have a §1983 claim. The defendant claimed that the plaintiff's "sudden concession that she does not need an expert witness evidences a lack in sincerity behind her previous motions, all which have collectively and needlessly extended this litigation." Id. at 4. The defendant pointed out that the court previously had warned that it was prepared to dismiss if the plaintiff did not procure counsel. Id. (citing dkt. no. 33).

The court will deny the request for an extension (Dkt. No. 55) based on Attorney Strouse's concession that he does not need an expert. The court will deny without prejudice the motion to dismiss for lack of diligence. Dkt. No. 56. Federal Rule of Civil Procedure 41(b) says that "[i]f the plaintiff fails to

prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal has been described as a "harsh sanction," appropriate only "in limited circumstances, such as for 'a clear record of delay or contumacious conduct.'" Brown v. Shaw, No. 21-1712, 2021 WL 4786413, at *1 (7th Cir. Oct. 14, 2021) (citing Salata v. Weyerhaeuser Co., 757 F.3d 695, 699 (7th Cir. 2014)) (internal quotation marks and citations omitted). The Seventh Circuit has held that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" Sroga v. Huberman, 722 F.3d 980, 982 (7th Cir. 2013) (quoting Johnson v. Chi. Bd. of Educ., 718 F.3d 731, 732-33 (7th Cir. 2013)). That court has suggested that in addition to issuing a warning to the plaintiff, the court should consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." Id. (citing Kruger v. Apfel, 214 F.3d 784, 786-87 (7th Cir. 2000)).

The court will not hold the plaintiff responsible for her prior counsel's failure to appear at a hearing. Nor will the court hold the plaintiff responsible for her current counsel's repeated motions for extensions or failure to fully engage in discovery. This is the first time that the court has been made aware of certain facts recounted in the defendant's motions, and, admittedly, the court has concerns. To hear that no significant discovery has taken place since 2019 or that Attorney Strouse failed to confer with defense counsel before filing

motions and even suggested he would be dismissing this case is troubling to the court. That said, the court never warned the plaintiff that her case could be dismissed for lack of diligence. Attorney Strouse has identified extenuating circumstances and the court is not prepared to find the current circumstances so egregious as to warrant dismissal without first issuing a direct warning to the plaintiff.

The court advises the plaintiff that if in the future she fails to file documents or take court-ordered actions by the deadlines the court has set, or if she fails to comply with court orders (such as scheduling orders), she may be subject to sanctions, including having the court dismiss her case for failure to prosecute it under Rule 41(b).

## II. Plaintiff's Motions to Withdraw as Counsel (Dkt. Nos. 61, 63)

Attorney Strouse filed two motions to withdraw as counsel, citing SCR 20:1.16(a)(2): "the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client. Dkt. Nos. 61, 63. Attorney Strouse explained that his 89-year-old mother traveled to San Diego to spend time with her boyfriend in December 2019 and fell and fractured her hip. Dkt. No. 61 at 2. Strouse flew to California to bring her home but ended up moving in with her because he noticed some cognitive decline. Id. at 2. Around that same time Strouse lost three full-time employees in his office, including his office manager (who did not return to work until February 2021). Id. During that period, Strouse tried to do everything himself. Id. Although he hired three new employees, each left within sixty days. Id. Strouse's mother fell a second time,

requiring more care, and Strouse himself began feeling sick in August 2020. Id. at 3. A doctor diagnosed Strouse with diabetes and he started insulin injections. Id. In September 2020, Strouse received notice that his landlord would not be renewing his lease on his office space and that he had to be out by October 31, 2020. Id. Strouse began to search for a new space but started to lose his eyesight because of cataracts. Id. He could not read between December 2020 and March 2021 (until he had surgery on both eyes). Id. Strouse had to place his mother in a care facility after a third fall and she was put in hospice on January 15, 2021. Id. at 4. She passed away on January 16, 2021. Id. Strouse's entire staff walked out on June 21, 2021, never to return. Id. On December 23, 2021, Strouse was suspended from practice before the Eastern District of Wisconsin Bankruptcy Court for no less than one year. Id. The Office of Lawyer Regulation has opened an investigation and Strouse will not challenge a suspension.[2] Id. He is being treated for severe depression and anxiety. Id. Strouse indicated that he was no longer capable of representing the plaintiff, that he would be closing his office effective January 31, 2022 and asked that the court give the plaintiff time to locate new counsel. Id. The second motion to withdraw is identical to the first. Dkt. No. 63.

The defendant opposed the motions to withdraw, arguing that the plaintiff had established a pattern of filing motions to extend deadlines,

[2] As of the date of this order, the website for the State Bar of Wisconsin shows that Strouse's license has been suspended for failure to obtain required continuing legal education. https://www.wisbar.org/directories/pages/lawyerprofile.aspx?Memberid=1017891 (last visited June 22, 2022).

followed by her counsel seeking to withdraw, followed by her failure to do anything to move the litigation forward. Dkt. No. 62. For the same reasons he stated in the motion to dismiss, the defendant asked the court to deny the motion to withdraw, to grant the motion to dismiss for failure to prosecute and to dismiss the case with prejudice and fees. Id.

The court will grant Attorney Strouse's motions to withdraw. Dkt. Nos. 61, 63. It appears that Attorney Strouse's license has been suspended, and he has demonstrated that he cannot—mentally or physically—represent the plaintiff. The court cannot order him to continue under such circumstances.

**III. Defendant's Motion for Summary Judgment (Dkt. No. 64)**

On April 14, 2022, the defendant filed a six-page motion for summary judgment, arguing that the plaintiff is not entitled to relief. Dkt. No. 65. The defendant asserts that Fourth Amendment rights are personal rights that may not be vicariously asserted. Id. at 5 (citing Alderman v. United States, 394 U.S. 165, 174 (1969)). He argues that in Russ v. Watts, 414 F.3d 783 (7th Cir. 2005), the Seventh Circuit held that surviving parents have no independent constitutional right to recover for loss of society and companionship of an adult child incidental to state action. Jenkins v. Bartlett, 487 F.3d 482, 484, n.1 (7th Cir. 2007). According to the defendant, only the Estate of Terry Williams can bring the claims alleged in the amended complaint—wrongful pursuit and excessive force under the Fourth Amendment. Id. at 5.

Under this court's Civil Local Rule 56(b)(2), the plaintiff's opposition materials were due thirty days after the defendant filed the summary judgment

motion—in other words, by Monday, May 16, 2022. The plaintiff has not responded to the motion (although the court notes that Attorney Strouse had filed his motions to withdraw before the defendant filed the motion for summary judgment).

On February 10, 2022—two months before the defendant in this case filed his motion for summary judgment—the plaintiff filed a second federal lawsuit, which is pending before Judge Stadtmueller. Huynh v. Waukesha County Sheriff's Department, Case No. 22-cv-168 (E.D. Wis.). Although the handwritten complaint in that case names the Waukesha County Sheriff's Department as a defendant, the complaint alleges that on June 11, 2017, Michael Truax shot and killed Terry Williams as Williams was attempting to elude law enforcement; the body of the complaint does not make any allegations against the Waukesha County Sheriff's Department. Id. at Dkt. No. 1, page 2. The complaint in *this* lawsuit also alleges that Truax shot and killed Terry Williams on June 11, 2017, although it alleges that Truax was employed by the *Milwaukee* County Sheriff's Department. Huynh v. Truax, Case No. 18-cv-1222.

The court cannot tell whether the plaintiff believes that because she filed a second lawsuit, she no longer needs to participate in this one, or to respond to the defendant's motion for summary judgment. If the plaintiff is under that impression, she is incorrect. Although a plaintiff has the discretion to dismiss a lawsuit, the plaintiff has not asked to dismiss either this lawsuit or the lawsuit pending before Judge Stadtmueller. If she does not want this court to grant

summary judgment in favor of defendant Truax, she must file a response to his motion for summary judgment.

The court will give the plaintiff one last opportunity to find a lawyer and to respond to the defendant's motion for summary judgment (either through her lawyer or on her own). If the plaintiff can find an attorney to represent her before the deadline the court sets below, that attorney must file a notice of appearance with the court. That attorney must also either file opposition materials to the motion for summary judgment or ask for an extension of time by which to do so. If the plaintiff is not able to find an attorney before the deadline the court sets below, she may create and file her own response to the motion for summary judgment. If she files that response by the deadline the court sets below, the court will consider it. If, by the deadline the court sets below, the court does not receive either a response to the motion for summary judgment or a notice of an appearance from an attorney accompanied by a request for an extension of time to file the plaintiff's response to the motion, the court will consider and decide the motion for summary judgment without input from the plaintiff. This means that the court could grant the motion for summary judgment, find in favor of defendant Truax and dismiss this case with prejudice (meaning that the claims could not be brought in another lawsuit).

As the plaintiff considers trying to find another lawyer and considers whether to respond to the defendant's motion for summary judgment, the court notes the following: The plaintiff is both the biological mother of decedent Terry

Williams and the administrator of his estate. Dkt. No. 20 at ¶5. Although family members are injured when their loved one's civil rights are violated, "§ 1983 [civil rights] claims are personal to the injured party." Ray v. Maher, 662 F.3d 770, 773 (7th Cir. 2011). If a §1983 claim involves only the deprivation of the *decedent's* constitutional rights, and not a deprivation of the constitutional rights of the decedent's *parent*, the parent may not be able to state a claim under §1983 no matter how much she has suffered.

Under Wisconsin law, §1983 claims often are analogous to Wisconsin tort claims, which survive after the injured person passes away. See McSwain v. Schrubbe, 382 F. App'x 500, 502 (7th Cir. 2010) (finding that a deliberate indifference claim survived the death of the plaintiff). A parent who also is a beneficiary of a deceased child's estate may represent the estate, but only if that parent is "the sole beneficiary of the estate." Malone v. Nielson, 474 F.3d 934, 937 (7th Cir. 2007). It appears that the plaintiff is not the sole beneficiary of the estate; as the court noted in its July 22, 2020 order, the decedent had a minor daughter (whom the court dismissed as a plaintiff because she was not represented by counsel). Dkt. No. 33 at 3. As a non-lawyer, the plaintiff may not represent the interests of the decedent's minor daughter. The plaintiff may not pursue the claims in the complaint on behalf of Terry Williams's estate unless the estate is represented by a lawyer.

The court understands that the plaintiff now has had two lawyers who have failed to advance the case. It understands that finding lawyers is not easy, and finding civil rights lawyers is even more difficult. But although the court

will not decide the motion for summary judgment until after the deadline it sets below, the plaintiff should be aware that it may not be possible to pursue the claims alleged in the complaint unless the estate retains a lawyer to represent it.

## IV. Conclusion

The court **DENIES** Plaintiff's Motion to Extend Time to Name Experts and Disclose Expert Reports. Dkt. No. 55.

The court **DENIES WITHOUT PREJUDICE** Defendant Michael Truax's Motion to Dismiss for Failure to Prosecute. Dkt. No. 56.

The court **GRANTS** the plaintiff's Motions to Withdraw as Attorney. Dkt. Nos. 61, 63.

The court **ORDERS** that Attorney Paul Strouse is **REMOVED** as counsel of record for the plaintiff.

The court **ORDERS** that by the end of the day on **July 29, 2022**, the plaintiff must file her opposition materials to the defendant's motion for summary judgment (Dkt. No. 64). The court **ORDERS** that the plaintiff must file her opposition materials (or a motion from a lawyer asking for an extension of time by which to file the opposition) in time for the court to *receive* them by the end of the day on July 29, 2022, regardless of whether she has found an attorney to represent the estate.

The court **ORDERS** that if it does not receive the plaintiff's opposition to the defendant's motion for summary judgment (or a motion from a lawyer asking for an extension of time by which to file the opposition) by the end of the

day on **July 29, 2022**, the court will deem the defendant's motion unopposed and will decide it based on the defendant's pleadings alone, without input from the plaintiff.

The court **ORDERS** that if, by the end of the day on **July 29, 2022**, the estate retains a lawyer, that lawyer must file a notice of appearance by the end of the day on July 29, 2022.

Dated in Milwaukee, Wisconsin this 24th day of June, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**